John E. Costello
vs.
Daniel E. Manning, et al., d. b. a. Manning Funeral Home
No. 90513

March 28, 1935.

POULIOT, J. This is an action brought by the plaintiff to recover damages for humiliation and mental suffering resulting in insanity on a claim that defendants failed to bury the body of the plaintiff's wife in accordance with the agreement of the parties.

The matter is now before the Court on plaintiff's motion for a new trial after a jury returned a verdict for the defendant.

The plaintiff claims the defendants agreed to furnish a "complete funeral" which, he said, included a grave in which to inter the body; that the night before the funeral, defendants informed him there would be no burial, but that the body, after the church services, was to be brought back to their vault and kept there until funds were realized from certain insurance policies; that a sister of the plaintiff offered the use of a grave in a lot owned by plaintiff's father, but that this was refused; that the next day, on returning from church, the hearse containing the body disappeared and the plaintiff, of his own knowledge, never has known whether or not his wife's body has been interred.

The defendants contend that they never contracted to furnish a grave; that the words "complete funeral" do not contemplate a place of burial, but

that that feature is always left to the family; they explained the reasons why the body was brought back to the funeral home and kept there until it was interred about a month later; they produced members of the family who stated they were present at the wake, that they were informed by the plaintiff that there would be no burial the next day and that he expressed his satisfaction with the arrangements made by the defendants.

It is undisputed that the plaintiff owned no lot or grave in any cemetery or that he had no money with which to purchase one.

The problem was submitted to the jury, who found that the plaintiff did not prove his case by a fair preponderance of the evidence.

This finding receives the approval of the Court, as there is ample credible evidence to support it.

The 5th ground of the plaintiff's motion is here disregarded. Whether or not the Court ruled properly during the course of the trial is matter for another Court to decide, if plaintiff had his exceptions noted to such rulings, and if exceptions were not taken, then the rulings as made are not the subject of objection now.

Therefore, plaintiff's motion for a new trial is denied.

For plaintiff: Gertrude Friedman.

For defendant: Thomas L. Carty.